**No. 26-13023-AA**

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

TANIESJA MITCHELL,

*Plaintiff/Appellant*,

v.

GRAYSON DUTTON

*Defendant/Appellee.*

Appeal from the United States District Court
for the Middle District of Georgia
4:25-cv-160-CDL

## APPELLANT'S RECORD APPENDIX

Jeff Filipovits
Wingo Smith

Filipovits & Smith, LLC
315 W. Ponce de Leon Ave.
Suite 865
Decatur, GA 30030
(404) 905-2225

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Cir. R. 26.1, the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and any other identifiable legal entities related to a party:

1. City of Columbus, Georgia
2. Clark, James C., Jr.
3. Dutton, Grayson
4. Fay, Clifton Cartwright
5. Filipovits, Jeffrey R.
6. Filipovits & Smith, LLC
7. Gristina, Thomas F.
8. Helmick, David R.
9. Kenimer, Guy Hayes, Jr.
10. Land, Clay D.
11. Muscogee County Sheriff's Office

12. Page, Scrantom, Sprouse, Tucker & Ford, P.C.
13. Rayfield, David C.
14. Sheftall, Lucy T.
15. Smith, Wingo F.
16. Waldrep, Mullen & Callahan

Pursuant to Eleventh Circuit Rule 26.1-3(b), the undersigned hereby certifies that no publicly-traded company or corporation has an interest in the outcome of the above-captioned case or appeal.

/s/Jeff Filipovits
Jeff Filipovits
Georgia Bar No. 825553

# INDEX of APPENDIX

Docket/Tab #

District Court Docket Sheet........................................................DS

Complaint.................................................................................. 1

Answer.....................................................................................4

Order Granting Summary Judgment...........................................19

Judgment.................................................................................20

Notice of Appeal........................................................................21

# Docket Sheet

APPEAL,ADDEXHIBITS

**U.S. District Court [LIVE AREA]**
**Middle District of Georgia (Columbus)**
**CIVIL DOCKET FOR CASE #: 4:25-cv-00160-CDL**

MITCHELL v. DUTTON
Assigned to: US DISTRICT JUDGE CLAY D LAND
Case in other court: USCA - Eleventh Circuit, 26-13023
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 05/23/2025
Date Terminated: 07/27/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**TANIESJA MITCHELL** represented by **JEFFREY R FILIPOVITS**
315 W PONCE DE LEON AVE
STE 865
DECATUR, GA 30030
404-905-2225
Email: jeff@civil-rights.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**WINGO FOWLER SMITH , III**
315 W PONCE DE LEON AVE
STE 865
DECATUR, GA 30030
404-905-2225
Fax: 404-880-3461
Email: wingo@civil-rights.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GRAYSON DUTTON** represented by **CLIFTON CARTWRIGHT FAY**
PO BOX 1340
COLUMBUS, GA 31902-1340
706-571-4721
Email: cfay@columbusga.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID R HELMICK**
PO BOX 351
COLUMBUS, GA 31902
706-320-0600
Email: dhelmick@waldrepmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

14. Defendant Dutton was not initially part of that arrest.

15. One of the two officers making that arrest ordered Plaintiff to back up.

16. As those officers were making the arrest, Defendant Dutton approached them.

17. As Defendant Dutton approached, Plaintiff's back was turned, and she could not see him.

18. As Defendant Dutton approached, Plaintiff had already begun moving away from the officers making the arrest.

19. Without any warning, Defendant Dutton grabbed Plaintiff from behind and threw her down and forward with such force that Plaintiff fell head-first into the concrete sidewalk.

20. Defendant Dutton's use of force was immediate, unexpected, and gave Plaintiff no time to react to the sudden force applied by Dutton.

21. Plaintiff was knocked unconscious by the fall.

22. Defendant Dutton did not render any aid to Plaintiff after he threw her to the ground and knocked her unconscious.

23. After the incident, Defendant Dutton was disciplined by the Muscogee County Sheriff for violating policies by: (a) not reporting the incident; (b) not completing a report; (c) not rendering first aid; and (d) using excessive force.

**LUCY T SHEFTALL**
PO BOX 1340
COLUMBUS, GA 31902
706-225-4025
Email: lsheftall@columbusga.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C RAYFIELD**
PO BOX 351
COLUMBUS, GA 31902-0351
(706) 320-0600
Fax: (706) 320-0622
Email: davidrayfield@waldrepmullin.com
*ATTORNEY TO BE NOTICED*

**GUY HAYES KENIMER , JR**
1111 BAY AVE
STE 3RD FLR
COLUMBUS, GA 31901
706-256-5302
Email: gkenimer@pagescrantom.com
*TERMINATED: 07/28/2025*

**JAMES C CLARK , JR**
PO BOX 1199
STE 3RD FLOOR
COLUMBUS, GA 31902
706-324-0251
Email: jclark@pagescrantom.com
*TERMINATED: 07/28/2025*

**THOMAS F GRISTINA**
PO BOX 1199
COLUMBUS, GA 31902-1199
706-324-0251
Email: tgristina@pagescrantom.com
*TERMINATED: 07/28/2025*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2025 | 1 | **COMPLAINT** against GRAYSON DUTTON Fee paid: Receipt # AGAMDC-4953195, $405 filed by TANIESJA MITCHELL (Attachments: # 1 Civil Cover Sheet, # 2 Summons) (FILIPOVITS, JEFFREY) (Entered: 05/23/2025) |
| 05/23/2025 | 2 | Summons Issued as to GRAYSON DUTTON. (esl) (Entered: 05/23/2025) |
| 05/29/2025 | 3 | AFFIDAVIT of Service for summons served on Grayson Dutton on May 28, 2025, filed by TANIESJA MITCHELL. (SMITH, WINGO) (Entered: 05/29/2025) |
| 06/18/2025 | 4 | ANSWER to 1 Complaint by GRAYSON DUTTON.(KENIMER, GUY)Attorney GUY HAYES KENIMER, JR added to party GRAYSON DUTTON(pty:dft) (Entered: 06/18/2025) |

| | | |
|---|---|---|
| 06/23/2025 | 5 | **RULES 16/26 ORDER**:Proposed Scheduling/Discovery order due by 8/4/2025. Ordered by US DISTRICT JUDGE CLAY D LAND on 6/23/2025. (esl) (Entered: 06/23/2025) |
| 07/25/2025 | 6 | NOTICE of Attorney Appearance by DAVID R HELMICK on behalf of GRAYSON DUTTON Attorney DAVID R HELMICK added to party GRAYSON DUTTON(pty:dft) (HELMICK, DAVID) (Entered: 07/25/2025) |
| 07/25/2025 | 7 | NOTICE of Attorney Withdrawal by GUY HAYES KENIMER, JR on behalf of GRAYSON DUTTON(KENIMER, GUY) (Entered: 07/25/2025) |
| 08/01/2025 | 8 | **SCHEDULING/DISCOVERY ORDER**:Discovery to be complete by 12/18/2025. Dispositive motions due by 2/4/2026. Ordered by US DISTRICT JUDGE CLAY D LAND on 8/1/2025. (tlp) (Entered: 08/01/2025) |
| 10/03/2025 | 9 | AMENDED ANSWER in re: 4 Answer to Complaint, 1 Complaint by GRAYSON DUTTON. (HELMICK, DAVID) (Entered: 10/03/2025) |
| 11/19/2025 | 10 | NOTICE of Attorney Appearance by DAVID C RAYFIELD on behalf of GRAYSON DUTTON Attorney DAVID C RAYFIELD added to party GRAYSON DUTTON(pty:dft) (RAYFIELD, DAVID) (Entered: 11/19/2025) |
| 11/24/2025 | 11 | JOINT MOTION to Amend/Correct 8 Scheduling/Discovery Order by GRAYSON DUTTON filed by DAVID R HELMICK.(HELMICK, DAVID) Modified on 11/24/2025 (tlf). (Entered: 11/24/2025) |
| 11/25/2025 | 12 | This is a text only entry; no document issued. **ORDER** granting 11 Motion for Extension of Time to Complete Discovery. Discovery to be complete by 3/18/2026. Dispositive motions due by 5/5/2026. Ordered by US DISTRICT JUDGE CLAY D LAND on 11/25/2025 (sts) (Entered: 11/25/2025) |
| 05/05/2026 | 13 | MOTION for Summary Judgment by GRAYSON DUTTON filed by DAVID R HELMICK. (Attachments: # 1 Memorandum in Support Brief in Support of Motion for Summary Judgment, # 2 Statement of Material Facts Statement of Material Facts To Which There Is No Genuine Issue To Be Tried, # 3 Exhibit Exhibit A- Declaration of William Jessee, # 4 Exhibit Exhibit A-1 Placeholder for MP4 Video Filed Manually with the Court, # 5 Exhibit Exhibit B- Taniesja Mitchell Deposition Transcript, # 6 Exhibit Exhibit C- Jarrod Mitchell Deposition Transcript, # 7 Exhibit Exhibit D- Grayson Dutton Deposition Transcript, # 8 Exhibit Exhibit E- Sherman Hayes Deposition Transcript, # 9 Exhibit Exhibit F- Keron Batson Deposition Transcript, # 10 Exhibit Exhibit G- Glyn Corbitt Deposition Transcript, # 11 Exhibit Exhibit H- Piedmont Documents, # 12 Exhibit Exhibit I- Bridgeway Records)(HELMICK, DAVID) (Entered: 05/05/2026) |
| 05/05/2026 | 14 | NOTICE Notice of Manual Filing by GRAYSON DUTTON re 13 MOTION for Summary Judgment (HELMICK, DAVID) (Entered: 05/05/2026) |
| 05/06/2026 | | **REMARK**: Exhibit A-1, "Dutton Body-Cam", referenced in 13 Motion for Summary Judgment and 14 Notice of Manual Filing, was received by the court 5/5/2026 and has now been uploaded to the Digital Evidence Vault. (esl) (Entered: 05/06/2026) |
| 05/26/2026 | 15 | RESPONSE filed by TANIESJA MITCHELL re 13 MOTION for Summary Judgment (Attachments: # 1 Stmt of Material Facts Resp Response to Defendant's Statement of Material Facts)(FILIPOVITS, JEFFREY) (Entered: 05/26/2026) |
| 05/26/2026 | 16 | NOTICE of Manual Filing by TANIESJA MITCHELL (FILIPOVITS, JEFFREY) (Entered: 05/26/2026) |

| | | |
|---|---|---|
| 06/01/2026 | | **REMARK**: Video referenced in ECF 16 Notice of Manual Filing received in the Clerk's Office and uploaded to Digital Evidence Vault. (esl) (Entered: 06/01/2026) |
| 06/02/2026 | 17 | Request for Local Rule 6.2 Clerks Extension re 13 MOTION for Summary Judgment by GRAYSON DUTTON (HELMICK, DAVID) (Entered: 06/02/2026) |
| 06/02/2026 | | Notice of Clerk's Granting of Extension Pursuant to Local Rule 6.2 requested by GRAYSON DUTTON re: 13 MOTION for Summary Judgment. Reply ddl extended as requested. (esl) (Entered: 06/02/2026) |
| 06/23/2026 | 18 | REPLY to Response filed by GRAYSON DUTTON re 13 MOTION for Summary Judgment (HELMICK, DAVID) (Entered: 06/23/2026) |
| 07/27/2026 | 19 | **ORDER** granting 13 Motion for Summary Judgment as to Mitchell's Fourth Amendment claim. The court declines to exercise supplemental jurisdiction over Mitchell's remaining state law claims, and those claims are dismissed without prejudice. Ordered by US DISTRICT JUDGE CLAY D LAND on 7/27/2026 (esl) (Entered: 07/27/2026) |
| 07/27/2026 | 20 | **JUDGMENT** in favor of GRAYSON DUTTON against TANIESJA MITCHELL (esl) (Entered: 07/27/2026) |
| 08/26/2026 | 21 | NOTICE OF APPEAL as to 19 Order on Motion for Summary Judgment, by TANIESJA MITCHELL. Filing fee $ 605, Receipt No.: AGAMDC-5384177. (SMITH, WINGO) (Entered: 08/26/2026) |
| 08/26/2026 | 22 | BILL OF COSTS by GRAYSON DUTTON (Attachments: # 1 Memorandum in Support Memorandum in Support of Bill of Costs, # 2 Exhibit Exhibit A- Declaration of David R. Helmick, # 3 Exhibit Exhibit B- Invoices, # 4 Exhibit Exhibit C- Notices of Deposition) (HELMICK, DAVID) (Additional attachment added on 8/27/2026: # 5 text-searchable version of bill of costs) (esl).<br>---<br>**For future reference**, the Bill of Costs should be text-searchable. DO NOT REFILE - A text-searchable version has been attached by the case manager. Modified on 8/27/2026 (esl). (Entered: 08/26/2026) |
| 08/26/2026 | | Appeal Instructions re 21 Notice of Appeal. The Transcript Information Form and instructions are available on the District Court website under Forms & Guides. **PLEASE NOTE** Separate forms must be filed for each court reporter. Transcript Order Form due by 9/14/2026 (esl) (Entered: 08/26/2026) |
| 08/26/2026 | 23 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: 21 Notice of Appeal, 20 Judgment, 19 Order on Motion for Summary Judgment, Judge Appealed: CLAY D LAND. Court Reporter: N/A. Fee: PAID. (esl) (Entered: 08/26/2026) |
| 08/27/2026 | 24 | USCA Case Number 26-13023 re 21 Notice of Appeal filed by TANIESJA MITCHELL. (esl) (Entered: 08/27/2026) |
| 08/28/2026 | 25 | TRANSCRIPT INFORMATION FORM by TANIESJA MITCHELL. re 21 Notice of Appeal NO TRANSCRIPTS ORDERED (FILIPOVITS, JEFFREY) (Entered: 08/28/2026) |
| 09/03/2026 | | Pursuant to F.R.A.P 11(c) the Clerk of the District Court for the Middle District of Georgia certifies that the record is complete for purposes of this appeal re: 21 Notice of Appeal. The record on appeal is available electronically with the exception of Video Exhibits. (ksl) Modified added with the exception on 9/3/2026 (ksl). (Entered: 09/03/2026) |
| 09/22/2026 | 26 | TAXATION OF COSTS in the amount of $2,762.05 against Plaintiff (dwb) (Entered: 09/22/2026) |

Doc. 1

Complaint

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TANIESJA MITCHELL,

Plaintiff,

v.

GRAYSON DUTTON,

Defendant.

## COMPLAINT

Plaintiff TaNiesja Mitchell brings claims this complaint against Defendant Grayson Dutton alleging violations of the Fourth Amendment under 42 U.S.C. § 1983 and assault and battery under O.C.G.A. §§ 51-1-13 and 51-1-14.

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights under the Fourth Amendment to the U.S. Constitution.

3. Venue is proper in this district under 28 U.S.C. § 1391(b), this being the district where the claims arose.

4. This Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1331.

## Parties

5. Plaintiff TaNiesja Mitchell is an adult resident of Alabama.

6. At all times relevant to this complaint, Defendant Grayson Dutton was certified law enforcement officer employed by the Muscogee County Sheriff's Office.

## Factual Allegations

7. On December 14, 2024, several officers were dispatched to a bar in Columbus, Georgia, in response to a report of an altercation inside the bar.

8. Defendant Grayson Dutton, a corporal employed by the Muscogee County Sheriff's Office, was one of the officers who was dispatched to the scene.

9. Plaintiff was initially inside the bar with her husband and was not part of the altercation.

10. After the altercation broke out, several of the patrons, including Plaintiff, were ordered to leave the bar.

11. Plaintiff left the bar, and in the process was separated from her husband.

12. While outside, officers began arresting some of the patrons.

13. As two officers arrested one person, Plaintiff was standing next to them.

24. Defendant Dutton's use of force caused Plaintiff physical pain and suffering, medical expenses, and emotional distress.

## Count I

25. As set forth above, Defendant Dutton actions constituted excessive force under the Fourth Amendment of the United States Constitution.

## Count II

26. As set forth above, Defendant Dutton's actions constituted assault and battery under O.C.G.A. §§ 51-1-13 and 51-1-14.

## Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants on all counts and award:

A. compensatory damages;

B. punitive damages;

C. attorney's fees under 42 U.S.C. § 1988;

D. attorney's fees under O.C.G.A. § 13-6-11;

E. court costs; and,

F. all other relief at law or in equity to which Plaintiff is legally entitled.

## Jury Demand

Plaintiff demands a trial by jury pursuant to Rule 38(b) on all issues so triable.

Dated: May 23, 2025

Respectfully submitted,

**Jeff Filipovits**
Jeff Filipovits
Georgia Bar No. 825553

**Wingo F. Smith**
Wingo F. Smith
Georgia Bar No. 147896

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404.905.2225
jeff@civil-rights.law
wingo@civil-rights.law

Doc. 4

Answer

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| TANIESJA MITCHELL,<br><br>Plaintiff,<br>v.<br><br>GRAYSON DUTTON,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No: 4:25-cv-00160-CDL |

**DEFENDANT GRAYSON DUTTON'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Grayson Dutton ("Defendant"), without waiving any of his defenses and expressly reserving all such defenses, files his Answer and Defenses to Plaintiff's First Amended Complaint ("Complaint"), respectfully showing the Court the following:[1]

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

Defendant raises each and every affirmative defense required to be pled by Georgia and federal law should said defenses become applicable as this action proceeds. Defendant specifically raises the defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure including standing, capacity of Plaintiffs to bring this action, assumption of risk and contributory negligence.

[1] The Complaint appears to be alleged against Defendant in his individual capacity only. However, to any extent necessary, this Answer and Defenses is also filed on behalf of Defendant in his official capacity.

Defendant specifically reserves the right to amend this Answer and Defenses with any and all defenses as discovery should dictate.

**THIRD DEFENSE**

Plaintiff's federal law claims against Defendant in his individual capacity are barred by qualified immunity because they were performing objective reasonable, discretionary acts and did not violate any clearly established statutory or constitutional right of which every officer would have had fair notice.

**FOURTH DEFENSE**

Plaintiff's state-law claims, if any, against Defendant, in his individual capacity, are barred by official immunity because his acts were carried out in the good faith performance of his official, discretionary duties and without actual malice or actual intent to cause injury to Plaintiff.

**FIFTH DEFENSE**

Some or all of the Plaintiff's claims may be barred by the expiration of the applicable statute of limitations.

**SIXTH DEFENSE**

Plaintiff's claims are barred against Defendant to the extent the injuries and damages complained of were caused by the actions of third parties for which the Defendant is not responsible.

**SEVENTH DEFENSE**

Plaintiff is not entitled to recover from Defendant because Defendant's acts or omissions, if any, were not the proximate cause of Plaintiff's injuries.

**EIGHTH DEFENSE**

Defendant pleads the affirmative defenses of contributory and comparative negligence and shows that Plaintiff's injuries, if any, were caused by Plaintiff's own conduct/misconduct and failure to exercise the appropriate care under the circumstances.

**NINTH DEFENSE**

Defendant is immune from liability under 42 U.S.C. § 1983 for claims made against him in his official capacity or as a supervisor in that he has promulgated no deliberate policy which constitutes the moving force or proximate cause of Plaintiff's injuries.

**TENTH DEFENSE**

Defendant is shielded from liability under Georgia law by the doctrines of sovereign immunity and by United States Constitution Eleventh Amendment Immunity.

**ELEVENTH DEFENSE**

Under the mandate of the United States Court of Appeals for the Eleventh Circuit in the case of *Grech v. Clayton County*, 335 F.2d 1326 (11th Cir. 2003), and *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003), Defendant is entitled to sovereign immunity and immunity under the Eleventh Amendment to the United States Constitution.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover for claims under Georgia law in this action as the requirements of O.C.G.A. § 36-11-1 have not been complied with.

**THIRTEENTH DEFENSE**

Defendant is immune from liability for any claim for punitive damages in this action.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred to the extent any actions taken against Plaintiff referred to in the Complaint cannot fairly be said to represent official policy insofar as the decision-maker did not possess final policy-making authority.

## SIXTEENTH DEFENSE

Defendant, to the extent named in his official capacity, is not subject to punitive damages.

## SEVENTEENTH DEFENSE

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

### Jurisdiction and Venue

1.-4. Defendant states that he does not contest jurisdiction at this time except to the extent that his immunity defenses are jurisdictional. Defendant admits that venue is proper in this Court. To the extent not expressly admitted or qualified herein, the allegations set forth in paragraphs 1 through 4 of the Complaint are denied.

### Parties

5. Defendant is without knowledge sufficient to admit or deny the allegations forth in this paragraph of the Complaint. To the extent not expressly admitted or denied herein these paragraphs are denied.

6. Defendant admits that he is employed by the Muscogee County Sheriff's Office. To the extent not expressly admitted or qualified herein the allegations contained in this paragraph are denied.

### Factual Allegations

7. Admitted.

8. Admitted.

9.-12. Defendant is without sufficient knowledge to either admit or deny the allegations set forth in these paragraphs of the Complaint. To the extent not expressly admitted or qualified herein, these paragraphs are denied.

13. Denied.

14.-16. Admitted.

17. Defendant admits that Plaintiff was standing over, and with her hand on the back of the two officers in the process of making the arrest. Defendant is without sufficient knowledge to either admit or deny the remaining allegations set forth in this paragraph of the Complaint. To the extent not expressly admitted or qualified herein, the remaining allegations in this paragraph are denied.

18. Denied.

19. Defendant denies that he grabbed and threw Plaintiff to the ground. Defendant is without sufficient knowledge to either admit or deny the remaining allegations set forth in this paragraph of the Complaint. To the extent not expressly admitted or qualified herein, the remaining allegations in this paragraph are denied.

20. Denied.

21. Denied.

22. Denied.

23. With respect to the allegations set forth in paragraph 23 of the Complaint, Defendant admits that disciplinary action was taken against him on January 3, 2025, but disputes the

allegations and outcome of the disciplinary action against him. Defendant also specifically denies using excessive force. To the extent not expressly admitted or qualified herein, the remaining allegations in this paragraph are denied.

24. Defendant is without sufficient knowledge to either admit or deny the allegations set forth in this paragraph of the Complaint. To the extent not expressly admitted or qualified herein, these paragraphs are denied.

Count I

25. Denied.

Count II

26. Denied.

**GENERAL DENIAL**

Except where any allegations of Plaintiff's Complaint are specifically admitted herein, such allegations are hereby denied. Defendant further denies the final unnumbered paragraph of Plaintiff's Complaint entitled "Prayer for Relief" and show that Plaintiff is not entitled to any recovery by way of this action.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, with all costs taxed on the Plaintiff.

Doc. 19

Order granting summary judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TANIESJA MITCHELL, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:25-cv-160 (CDL) |
| GRAYSON DUTTON, | * | |
| Defendant. | * | |

O R D E R

Defendant Grayson Dutton, an officer with the Muscogee County Sheriff's Office, responded to a bar fight in downtown Columbus, Georgia. After he helped clear the bar, Dutton was directed to an ongoing arrest outside, where two fellow officers were attempting to handcuff another individual. As Dutton approached, Plaintiff Taniesja Mitchell and another woman stood immediately adjacent to the officers, and Mitchell's arm was extended toward one of the officers. Dutton ordered Mitchell to back up before pushing her away from the officers, causing her to fall to the pavement. Mitchell was not arrested and was later transported to the hospital for evaluation. She subsequently filed this action, asserting a claim under 42 U.S.C. § 1983 for alleged violations of her Fourth Amendment rights and related state law claims against Dutton. Now pending before the Court is Dutton's motion for summary judgment (ECF No. 13). For the reasons that follow, the Court grants the

motion as to Mitchell's Fourth Amendment claim. The Court declines to exercise supplemental jurisdiction over Mitchell's remaining state law claims, and those claims are dismissed without prejudice.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Mitchell, the record reveals the following facts.

In December 2024, Plaintiff Taniesja Mitchell and her husband attended a company Christmas party and celebrated her husband's birthday in downtown Columbus, Georgia. After the party, they went to a nearby bar, where a large fight broke out. Although Mitchell's husband was involved in the altercation, Mitchell

testified that she does not recall being struck or pushed while inside the bar. Mitchell Dep. 52:12-16, ECF No. 13-5.

Defendant Grayson Dutton and other officers with the Muscogee County Sheriff's Office were assigned to patrol the downtown area that evening as part of the Uptown Columbus law enforcement detail. After the fight began, Dutton and other officers were called to de-escalate the situation and direct patrons outside. As patrons, including Mitchell and her husband, exited the bar, approximately twenty to thirty individuals gathered on the sidewalk outside. Dutton Body Cam Video at 07:02-07:17 (Dec. 14, 2024) (on file with the Court as Axon_Body_3_Video_2024-12-14_0016_X60A Cpl. Dutton).

Outside the bar, two other officers, Keron Batson and Sherman Hayes, had handcuffed Mitchell's husband and were speaking with him when an unidentified male collided with nearby tables and chairs. Batson Body Cam Video at 05:10-05:45; 06:15-06:26 (Dec. 14, 2024) (on file with the Court as VIDEO - WQ901B0536_1075_12142024001728). Batson identified himself as an officer and attempted to detain the individual. *Id.* at 06:30-34. The body camera footage shows the individual questioning Batson's authority, while the individual's father intervened by placing himself over his son and urging Batson to let him take care of his son. *Id.* at 06:31-07:00. Batson warned that he would deploy his taser, and Officer Hayes assisted in attempting to secure the

individual while repeatedly directing the father to move away from his son. *Id.*

As Batson and Hayes attempted to handcuff the individual, Mitchell and another woman moved toward the officers while speaking to them. *Id.* at 7:01-07:10. Batson shouted at the women to "back up now," and Hayes warned them that they could not interfere with the arrest. *Id.* at 07:06-07:15. Neither Mitchell nor the other woman immediately retreated. *Id.*

While these events unfolded, Dutton exited the bar to check on the officers outside. As he descended the steps to go outside, two individuals informed him that a struggle was ongoing and pointed in the direction of the scene of the arrest. Dutton Body Cam Video at 06:57-07:03. As Dutton walked outside, several people were gathered on the sidewalk, including Mitchell's husband seated in handcuffs. *Id.* at 07:04-07:12. Another individual directed him to the ongoing arrest. *Id.* When Dutton arrived, multiple bystanders had gathered around Batson and Hayes watching them as they attempted to complete the arrest. *Id.* at 07:13-07:16. Mitchell and the other woman were standing immediately adjacent to the officers and the individual being arrested. *Id.* Dutton's body camera footage depicts Mitchell extending her arm toward Officer Hayes during the encounter, although the parties dispute whether Mitchell made physical contact with Hayes or his vest. *Id.* at 07:17-18. As Dutton approached the scene, he ordered

Mitchell to "back up." *Id.* Approximately one second later, while ordering her to back up again, Dutton pushed Mitchell from behind with both hands, causing her to propel forward onto the pavement. *Id.* at 07:18-07:22. Dutton then immediately turned his attention back to assisting Batson and Hayes in securing the individual. *Id.* at 07:23-07:37. Officer Hayes later testified that someone was tugging on his vest during the arrest and that Dutton's intervention ended the interference. Hayes Dep. 29:23-30:16, ECF No. 13-8.

After the individual was handcuffed, Dutton and Batson approached Mitchell, who was still lying prone on the sidewalk. Dutton instructed Mitchell to get up and stated, "when police start putting hands on people, you don't touch police," then walked away. Dutton Body Cam Video at 07:37-07:43. Less than one minute later, Dutton returned, told Mitchell to sit up and get some air, and asked whether she wanted an ambulance. *Id.* at 08:26-08:36. Mitchell responded that she did and told Dutton to leave her alone. *Id.* Dutton replied, "alright, cool, sit there," and walked away. *Id.* Dutton testified that he considered the situation "over and done with" and had other law enforcement duties to attend to. Dutton Dep. 59:24-60:11, ECF No. 13-7. Neither Dutton nor any other law enforcement officer arrested Mitchell.

Mitchell was transported by ambulance to a local hospital, where she received an IV and was discharged several hours later

with diagnoses of acute alcohol intoxication and multiple contusions. Def.'s Mot. for Summ. J. Ex. H, Piedmont Medical Records 86, ECF No. 13-11. She had no fractures or structural bone issues, but reported bruising to her face, abrasions, a cut on her thumb, pain in her back and right knee, and swelling around one eye. Mitchell testified that she does not remember the events beginning when patrons were removed from the bar until she arrived at the hospital.

DISCUSSION

Mitchell brought this action under 42 U.S.C. § 1983, asserting that Officer Dutton violated her Fourth Amendment right to be free from the use of excessive force, as well as state law claims against Dutton. Pending before the Court is Dutton's motion for summary judgment on all claims. The Court addresses each claim in turn.

## I. Fourth Amendment Claim

Mitchell claims that Dutton unlawfully seized her in violation of the Fourth Amendment. Dutton argues that his use of force did not constitute a seizure within the meaning of the Fourth Amendment because he did not apply force with the intent to restrain Mitchell. The Court agrees.

The Fourth Amendment provides a "right of the people to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. amend. IV. "[T]wo things are necessary for a Fourth

Amendment seizure: '(1)the use of force *with* (2) *intent to restrain*.'" *Watkins v. Davis*, 156 F.4th 1084, 1099 (11th Cir. 2026) (quoting *Torres v. Madrid*, 592 U.S. 306, 317 (2021)). In assessing whether Dutton intended to restrain Mitchell, the Court must determine "whether the challenged conduct *objectively* manifests an intent to restrain." *Id.* at 1102. (quoting *Torres*, 592 U.S. at 317). While the amount of force used remains pertinent to that inquiry, "force intentionally applied for some other purpose" does not constitute a Fourth Amendment seizure. *Torres*, 592 U.S. at 317.

Mitchell contends that the force Dutton used when pushing her objectively indicated an intent to restrain her. Although the amount of force Dutton used is relevant to the intent inquiry, the surrounding circumstances demonstrate that Dutton pushed Mitchell for a different purpose.

The undisputed evidence establishes that as Officers Batson and Hayes struggled to handcuff another individual, Mitchell and another woman moved toward the officers despite repeated commands to back up. As Dutton approached the ongoing arrest, body-camera footage depicts Mitchell standing immediately adjacent to Officer Hayes with her arm extended toward him. After ordering Mitchell to back up, Dutton pushed her away from the officers, causing her to fall to the pavement. Immediately after the push, Dutton turned his attention back to assisting Batson and Hayes in completing the

arrest. He did not remain with Mitchell, direct her movements, attempt to detain her, place her under arrest, or otherwise exercise additional physical control over her. Instead, after the arrest had concluded, Dutton returned to Mitchell, admonished her for touching the officers during the arrest, asked whether she needed medical assistance, and then left to attend to other matters.

Viewed objectively, Dutton's conduct manifested an intent to create distance between Mitchell and officers engaged in an active arrest—not an intent to restrain her. Although Dutton intentionally applied force, the surrounding circumstances demonstrate that the force was applied "for some other purpose," namely, to remove Mitchell from the immediate vicinity of an ongoing arrest so that the officers could secure the suspect. *See Pinto v. Collier Cnty.*, 2022 WL 2289171, at *4 n.7 (11th Cir. June 24, 2022) (per curiam) (quoting *Torres*, 592 U.S. at 317) (noting that an officer did not seize an individual by pushing him because the force was applied to prevent the escalation of an altercation between two men outside of a bar, not to restrain the individual's movement). Because Dutton did not apply force with the objective intent to restrain Mitchell, no Fourth Amendment seizure occurred.

Even if Mitchell could show a seizure, she did not demonstrate that Dutton's conduct violated clearly established law. "Clearly established means that, at the time of the officer's conduct, the

law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Edwards v. Grubbs*, 179 F.4th 909, 927 (11th Cir. 2026) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)). A constitutional right may be clearly established through "(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Id.* (quoting *Gilmore v. Ga. Dep't of Corr.*, 144 F.4th 1246, 1258 (11th Cir. 2025) (en banc)).

Mitchell principally relies on cases involving significantly greater uses of force, characterizing Dutton's conduct as "slamm[ing] her head-first into a concrete sidewalk." Pl.'s Resp. to Def.'s Mot. for Summ. J. 5-6, ECF No. 15. The record, however, does not support that characterization. Rather, the undisputed evidence reflects that Dutton pushed Mitchell in the back, causing her to fall forward onto the pavement, before immediately returning his attention to assist fellow officers with an ongoing arrest. And Mitchell has not identified a case finding similar conduct to be a Fourth Amendment seizure. Nor does anything in the record suggest that Dutton's conduct was "so bad that case law is not needed to establish that the conduct cannot be lawful." *Plowright*

*v. Miami Dade Cnty.*, 102 F.4th 1358, 1367 (11th Cir. 2024) (quoting *Jones v. Fransen*, 857 F.3d 843, 852 (11th Cir. 2017)). Because Mitchell has not shown that every reasonable officer would have understood Dutton's conduct to violate the Fourth Amendment, Dutton is entitled to qualified immunity.

**II. State Law Claims**

Mitchell's remaining claims all arise under Georgia state law. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." District courts are encouraged to exercise that discretion "to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Murphy v. City of Aventura*, 383 F. App'x 915, 919 (11th. Cir. 2010) (per curiam) (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam)). Having dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over the remaining Georgia state law claims and dismisses those claims without prejudice.

CONCLUSION

For the reasons set forth above, the Court grants Dutton's motion for summary judgment (ECF No. 13) as to Mitchell's Fourth Amendment claim. Having declined to exercise supplemental

jurisdiction over Mitchell's state law claims, the Court dismisses those claims without prejudice.

IT IS SO ORDERED, this 27th day of July, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

Doc. 20

Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TANIESJA MITCHELL, | * | |
| Plaintiff, | * | |
| v. | | Case No. 4:25-cv-160 (CDL) |
| | * | |
| GRAYSON DUTTON, | | |
| | * | |
| Defendant. | * | |

**J U D G M E N T**

Pursuant to this Court's Order dated July 27, 2026, and for the reasons stated therein, JUDGMENT is hereby entered in favor of Defendant. Plaintiff shall recover nothing of Defendant. Defendant shall also recover costs of this action.

This 27th day of July, 2026.

David W. Bunt, Clerk

s/ Elizabeth S. Long, Deputy Clerk

Doc. 21

Notice of Appeal

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| TANIESJA MITCHELL,<br><br>Plaintiff,<br>v.<br><br>GRAYSON DUTTON,<br><br>Defendant. | Case No.:<br><br>4:25-cv-160-CDL |

**NOTICE OF APPEAL**

Plaintiff files this notice of appeal to the Eleventh Circuit Court of Appeals pursuant to Fed. R. App. P. 3.

Plaintiff appeals from this Court's order granting Defendant's motion for summary judgment. See Doc. 19.

This notice is timely filed pursuant to Fed. R. App. P. 4(1)(A) because it is filed within 30 days of the entry of judgment on July 27, 2026. See Doc. 20.

This Notice of Appeal is being filed electronically with contemporaneous payment of filing and docketing fees required by 28 U.S.C. § 1913 and § 1917 being remitted electronically to the Clerk of this Court pursuant to Fed. R. App. P. 3(e).

Submitted this 26th day of August, 2026.

/s/Jeff Filipovits
Jeff Filipovits
Georgia Bar No. 825553

/s/Wingo F. Smith
Wingo F. Smith
Georgia Bar No. 147896

FILIPOVITS & SMITH, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404.905.2225
jeff@civil-rights.law
wingo@civil-rights.law